NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALBA LORENA HERNANDEZ-
AMAYA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 17-71982

Agency No. A099-664-295

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 24, 2020[**]
Pasadena, California

Before: CLIFTON and LEE, Circuit Judges, and BLOCK,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

Alba Lorena Hernandez-Amaya, a native and citizen of El Salvador, petitions for review of the decision of the Board of Immigration Appeals dismissing her appeal from a decision by the Immigration Judge denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Hernandez-Amaya argues that she has been and will be persecuted and tortured by the father of her child, Juan Carlos. Substantial evidence supports the BIA's conclusion that Hernandez-Amaya failed to demonstrate either that the government was unwilling or unable to control Carlos or that the government would be willfully blind to any torture committed against her. Accordingly, we deny the petition for review.

"To qualify for asylum, an applicant must show that she is a 'refugee,' defined as one who 'is unable or unwilling to return to [her home country] . . . because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (quoting 8 U.S.C. § 1101(a)(42)(A)). The agents of persecution must be the government, a quasi-official group, or persons or groups that the government is unwilling or unable to control. *See Avetova-Elisseva v. INS*, 213 F.3d 1192, 1196 (9th Cir. 2000). "A failure to satisfy the . . . standard of proof required to establish eligibility

2

for asylum . . . necessarily results in a failure to demonstrate eligibility for withholding of deportation." *Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000).

The BIA upheld the immigration judge's decision to deny Hernandez-Amaya's claims for asylum and withholding of removal on the grounds that she failed to establish "that the harm was or would be inflicted by the government or by individuals whom the government is unwilling or unable to control." Hernandez-Amaya argues that this conclusion was in error. However, there is substantial evidence in the record to support this determination.

First, Hernandez-Amaya never reported Carlos's violence to the police, nor did she establish a compelling reason for her failure to do so. In cases of non-governmental persecution, "we consider whether an applicant reported the incidents to police, because in such cases a report of this nature may show governmental inability to control the actors." *Baballah v. Ashcroft*, 367 F.3d 1067, 1078 (9th Cir. 2004). But, "an applicant . . . need not have reported that persecution to the authorities if [s]he can convincingly establish that doing so would have been futile or have subjected h[er] to further abuse." *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006). Hernandez-Amaya never reported Carlos's violence to the police, nor did she convincingly establish that

3

reporting him would have been futile or result in further abuse. Moreover, while Hernandez-Amaya did not report Carlos, his family did. When this occurred, the police arrested and held Carlos for multiple days, releasing him only after Hernandez-Amaya refused to give a declaration. This incident suggests that reporting Carlos would not have been futile, and that the Salvadoran government was willing and able to control him.

Second, the Salvadoran government has previously sentenced Carlos to "about 15 years" on murder charges. While petitioner states that Carlos has since been released, the government held him in prison for a substantial period of time. This is demonstrative of the government's willingness and ability to control Carlos. Thus, substantial evidence supports the BIA's conclusion that Hernandez-Amaya did not meet her burden to establish that persecution was or would be inflicted by individuals whom the government is unwilling or unable to control. Therefore, the BIA did not err in denying her applications for asylum and withholding of removal.

Additionally, the BIA did not err in denying Hernandez-Amaya's application for protection under CAT. "A petitioner seeking CAT relief must show that it is more likely than not that [s]he will be tortured upon removal, and that the torture will be inflicted at the instigation of, or with the consent or acquiescence of,

4

the government." *Arteaga v. Mukasey*, 511 F.3d 940, 948 (9th Cir. 2007). Hernandez-Amaya has not demonstrated that she would be tortured either by a government actor or with the tacit consent of the Salvadoran government. Instead, the fact that Carlos has been arrested twice, and imprisoned once on a fifteen-year sentence, indicates that the government is unlikely to turn a blind eye to any potential torture of Hernandez-Amaya. Thus, substantial evidence also supports the BIA's determination that Hernandez-Amaya is not eligible for protection under CAT.

**PETITION DENIED.**